UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HEIDI M. STEPHENS, M.D.,**

    **Plaintiff,**

v.                                            Case No.: 8:17-cv-53-T-23AAS

**BOARD OF TRUSTEES OF THE
UNIVERSITY OF SOUTH FLORIDA,**

    **Defendant.**
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Compel Plaintiff to Provide Proper Rule 26 Initial Disclosures (Doc. 15), Plaintiff's Memorandum in Opposition to Motion to Compel (Doc. 16), and Defendant's Reply to Plaintiff's Memorandum in Opposition to its Motion to Compel (Doc. 19).

### I.    BACKGROUND

Plaintiff, Heidi Stephens, M.D., filed this discrimination action against Defendant Board of Trustee of the University of South Florida. (Doc. 2). Pursuant to the parties' Case Management Report, the deadlines of which were adopted in the Court's Case Management and Scheduling Order, the parties were to exchange their Rule 26(a)(1) initial disclosures no later than June 16, 2017. (Doc. 9). On June 16, 2017, Defendant received Plaintiff's Initial Disclosures. (Doc. 15, Ex. A). Defendant determined that Plaintiff's disclosures did not comport with Rule 26(a)(1). Despite Plaintiff's assurances that amended disclosures would be forthcoming, Plaintiff failed to timely provide Defendant with all of the information requested. (Doc. 15, Exs. B-H).

On September 1, 2017, Defendant filed the instant Motion to Compel Plaintiff to Provide Proper Rule 26 Initial Disclosures. (Doc. 15). That same day, Plaintiff sent amended initial disclosures to Defendant. On September 15, 2017, Plaintiff filed a response to Defendant's Motion, stating that the amended disclosures were provided after the motion was filed and the matter is moot. (Doc. 16). On September 19, 2017, after requesting and being granted leave to do so, Defendant filed a reply to Plaintiff's response and asserted that the amended disclosures were still inadequate. (Docs. 17, 18, 19). Accordingly, this matter is now ripe for review.

## II.  ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) states, in pertinent part, that "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party [and] make available . . . the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). According to Defendant, Plaintiff's amended disclosures fail to satisfy the requirements of Rule 26(a)(1)(A)(iii) because the disclosures do not provide sufficient specific information about the categories of damages she seeks, the amounts of all claimed damages, and any documentation supporting her computation of her claimed damages. (Docs. 15, pp.9-10; 19,

pp. 3-4).[1] In response, it appears that Plaintiff contends that Defendant could ascertain the missing information through discovery and the upcoming deposition of Plaintiff. (Doc. 16, pp. 1-2). The Court disagrees.

"Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information available at this stage of the litigation, while reserving the right to amend their calculations." *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *1 (M.D. Fla. Aug. 23, 2007). Subsequent to the initial disclosures, Rule 26(e) provides that parties have a duty to supplement and correct those disclosures "in a timely manner" as appropriate during the course of litigation. *See* Fed. R. Civ. P. 26(e). It logically follows that a plaintiff is permitted to revise its initial damages estimates as necessary and even numerous times during the course of litigation, but a plaintiff cannot avoid the initial disclosure requirements of Rule 26. Plaintiff's amended disclosures are not sufficiently detailed to meet the requirements of Federal Rule 26(a)(1)(A)(iii).

Upon review of the papers, the Court concludes that each party shall be responsible for its own attorneys' fees and costs incurred in connection with this particular motion. *See* Fed. R. Civ. P. 37(a)(5)(A). However, the Court reminds Plaintiff that she is under an obligation to make a diligent effort to fully comply with discovery obligations set forth in the Federal Rules of Civil Procedure.

### III.     CONCLUSION

Accordingly and upon consideration, it is **ORDERED** that Defendant's Motion to Compel Plaintiff to Provide Proper Rule 26 Initial Disclosures (Doc. 15) is **GRANTED**. Plaintiff shall

---

[1] Defendant also argued it its Motion to Compel that Plaintiff's initial disclosures failed to comply with Rule(26)(a)(1)(A)(i). However, in its Reply, Defendant acknowledged that the amended disclosures cured the deficiencies as to Rule(26)(a)(1)(A)(i).

provide Defendant with amended disclosures in compliance with Federal Rule of Civil Procedure 26, no later than **noon on September 26, 2017** so that Defendant has an opportunity to review the amended disclosures in advance of Plaintiff's deposition, scheduled to occur on September 27, 2017.

      **DONE AND ORDERED** in Tampa, Florida on this 21st day of September, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge